**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4280**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MYQUAN TAQUIL HOUSTON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cr-00238-D-BM-1)

_____

Submitted:  November 25, 2025                Decided:  December 2, 2025

_____

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Helen C. Smith, Apex, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Jake Pugh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Myquan Taquil Houston appeals his convictions and the 262-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 40 grams or more of a substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and possession with intent to distribute 40 grams or more of a substance containing fentanyl and 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although notified of his right to do so, Houston has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by the appeal waiver included in Houston's plea agreement, by which he waived his "right to appeal the conviction and whatever sentence is imposed on any ground," with limited exceptions not applicable here. Houston opposes the motion. We dismiss in part and affirm in part.

We review the validity of an appeal waiver de novo. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). "When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *Id.* (citation modified). "A valid appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* (citation modified). Our review of the record confirms that Houston knowingly, voluntarily, and intelligently executed the appeal waiver. We therefore dismiss the appeal as to all issues within its scope.

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Houston's valid appeal waiver. We therefore grant the Government's motion to dismiss, in part, and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Houston, in writing, of the right to petition the Supreme Court of the United States for further review. If Houston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Houston. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*